**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 118034

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK DIVISION**

| | |
|---|---|
| Shaul Rosenberg, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> Admin Recovery, LLC, <br><br> Defendant. | Docket No: <br><br> **CLASS ACTION COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Shaul Rosenberg, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Admin Recovery, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New Jersey.

## PARTIES

5. Plaintiff Shaul Rosenberg is an individual who is a citizen of the State of New Jersey residing in Hudson County, New Jersey.

6. Plaintiff is a natural person allegedly obligated to pay a debt.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Admin Recovery, LLC, is a New York Limited Liability Company with a principal place of business in Erie County, New York.

9. Defendant regularly collects or attempts to collect debts asserted to be owed to others.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of Defendant's business is the collection of such debts.

12. Defendant uses the mails in its debt collection business.

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS SPECIFIC TO PLAINTIFF

14. Defendant alleges Plaintiff owes a debt ("the alleged Debt").

15. The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

16. The alleged Debt does not arise from any business enterprise of Plaintiff.

17. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. At an exact time known only to Defendant, the alleged Debt was assigned or otherwise transferred to Defendant for collection.

19. At the time the alleged Debt was assigned or otherwise transferred to Defendant for collection, the alleged Debt was in default.

20. In its efforts to collect the alleged Debt, Defendant contacted, by telephone, certain individuals other than Plaintiff, each multiple times. ("the Repeated Calls").

21. The Repeated Calls were made not more than a year prior to the drafting of this Complaint.

22. The Repeated Calls were made to allegedly ascertain "location information" concerning Plaintiff.

23. The Repeated Calls were made to Plaintiff's brother, cousin and even a co-worker.

24. 15 U.S.C. § 1692b(3) provides that a debt collector, communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall "not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information."

25. Defendant contacted Plaintiff's brother more than once.

26. Plaintiff's brother did not request Defendant contact him more than once.

27. Prior to Defendant's subsequent call to Plaintiff's brother, Plaintiff's brother told Defendant not to contact him again.

28. Defendant had no reasonable basis to believe that any response from Plaintiff's brother, if there indeed was any response, was erroneous or incomplete.

29. Defendant had no reasonable basis to believe that Plaintiff's brother subsequently had correct or complete location information concerning Plaintiff.

30. Defendant contacted Plaintiff's cousin more than once.

31. Plaintiff's cousin did not request Defendant contact him more than once.

32. Defendant had no reasonable basis to believe that any response from Plaintiff's cousin, if there indeed was any response, was erroneous or incomplete.

33. Defendant had no reasonable basis to believe that Plaintiff's cousin subsequently had correct or complete location information concerning Plaintiff.

34. Defendant contacted Plaintiff's co-worker more than once.

35. Plaintiff's co-worker did not request Defendant to contact her more than once.

36. Defendant had no reasonable basis to believe that any response from Plaintiff's co-worker, if there indeed was any response, was erroneous or incomplete.

Barshay Sanders PLLC

Case 2:19-cv-16712-ES-ESK   Document 1   Filed 08/15/19   Page 4 of 5 PageID: 4

37. Defendant had no reasonable basis to believe that Plaintiff's co-worker subsequently had correct or complete location information concerning Plaintiff.

38. Plaintiff was caused significant emotional distress, embarrassment and humiliation as a result of the Defendant's conduct.

39. For all of the foregoing reasons, Defendant violated 15 U.S.C. § 1692b(3), as is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

40. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New Jersey.

41. Plaintiff seeks to certify a class of:

> All consumers who Defendant made multiple attempts to obtain location information about, without being requested to make multiple attempts by the person contacted, which contacts were made on or after a date one year prior to the filing of this action to the present.

42. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

43. The Class consists of more than thirty-five persons.

44. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

45. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

46. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because

4

Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

47. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered:

    a. Certifying this action as a class action; and

    b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel;

    c. Finding Defendant's actions violate the FDCPA; and

    d. Granting damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Granting Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Granting Plaintiff's costs; all together with

    g. Such other relief that the Court determines is just and proper.

DATED: August 13, 2019

**BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_
Craig B. Sanders, Esquire
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 118034